UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT:  WESTERN DISTRICT OF NEW YORK

_____

ASHLEY JORDAN
31 KENT STREET
BUFFALO, NY 14212

                  Index No.

             Plaintiff,

    -vs-

                  **COMPLAINT**

DOMINO'S PIZZA INC.
CORPORATE OFFICES
30 FRANK LLOYD WRIGHT DR.
ANN ARBOR, MI., 48105

DOMINO'S PIZZA LLC.
1105 BROADWAY ST.
BUFFALO, NY 14212

AKRAM ATALLAH
MANAGER OF DOMINO'S PIZZA
1105 BROADWAY STREET
BUFFALO, NY 14212

             Defendants.

_____

## JURY DEMAND

Trial by Jury on all issues is demanded

## PRELIMINARY INTRODUCTION

1.      This is an action brought pursuant to 42 U.S.C § 2000(e) of (Title VII) of the Civil Rights Act of 1964 for discrimination based upon the Plaintiff's sex in the form of sexual harassment in the workplace that was severe and pervasive in nature, and that, as a result, subjected Plaintiff to a hostile work environment that was intimidating and offensive in nature.

## PARTIES

2.      Plaintiff, Ashley Jordan, (8/18/1995), worked at Domino's Pizza LLC. at the above-referenced address from on or about June 3, 2015 through July 7, 2015. She is a resident of Buffalo, New York, and resided here during the period of her employment.

3.      Defendant Domino's Pizza LLC is an incorporated New York State entity and operates a restaurant at 1105 Broadway Street, Buffalo, New York 14212. It is a foreign limited liability company whose registered agent is CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

4.      Defendant Akram Atallah is the manager of the Domino's Pizza franchise, or location, that the Plaintiff was so employed, located at 1105 Broadway Street, Buffalo, New York 14212.

5.      Defendant Domino's Pizza Inc. is a foreign limited liability company whose
corporate offices are located at 30 Frank Lloyd Wright Drive, Ann Arbor,
Michigan, 48105.

## JURISDICTION

6.      Plaintiff brings this action to recover damages under 42 U.S.C § 2000(e) of
(Title VII) of the Civil Rights Act of 1964 for discrimination based upon the Plaintiff's
sex in the form of sexual harassment in the workplace that was severe and
pervasive in nature, and that, as a result, subjected Plaintiff to a hostile work
environment that was intimidating and offensive in nature.

7.      Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1332 (federal
question) and § 1343 (civil rights).

8.      Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C.
§§ 2201 and 2202.

9.      Compensatory and Punitive damages are sought.

10.     Costs and Attorney's fees may be awarded pursuant to 42 U.S.C. § 1988
and Fed. R. Civ. P. Rule 54.

11.     Plaintiff filed a Charge of Discrimination with the Equal Employment
Opportunity Commission (EEOC) alleging sexual harassment. This action is
being commenced within ninety (90) days after receipt of the EEOC's issuance
of a Right to Sue letter.

## VENUE

12.    This action properly lies in the Western District of New York, pursuant to 28

U.S.C. § 1343(3) because the claims arose in this judicial district and the

Defendants reside in and /or do business in Erie County.

## FACTUAL BACKGROUND

13.    On June 3, 2015, the Plaintiff began her job at Domino's Pizza LLC. at 1105

Broadway Street, Buffalo, NY. 14212 as a Customer Service Representative.

As stated, the manager of the store is Defendant Akram Atallah. Upon

information and belief, Atallah's father, name unknown, was the owner of the

store. Other people of relevance in this complaint are Joseph Sanchez, Arif (last

name unknown), and Jabved (last name unknown), who also worked at the

1105 Broadway Street location.

14.    Sanchez was a pizza delivery driver, while Arif and Jabved are believed to

have been assistant managers of some kind.

15.    Plaintiff's duties, as a Customer Service representative were to clean, cook,

and answer the phone and take orders.

16.    On either the first or second day of Plaintiff's employment, employee Joseph

Sanchez picked up Plaintiff by her waist in a back area of the restaurant and

made aggressive physical sexual advances towards her. Plaintiff had to push off

Sanchez to defend herself from possibly an even more serious attack. Plaintiff,

who worked at numerous jobs including those in the food service industry, had

4

not encountered such behavior before and feared being raped. Plaintiff informed
supervisors Arif and Jabved, neither of whom took any corrective action against
Sanchez.

17.     Instead, this act seemed to open the floodgates to a pattern of repeated
sexual harassment against Plaintiff. Jabved, a manager, would repeatedly rub
up against Plaintiff whenever he would walk by her, despite there being plenty
of room in the assembly line or otherwise where he could walk by without
contacting her in any way.

18.     Plaintiff would tell manager Atallah and the man believed to be Atallah's
father of these acts... they would merely tell her, "not to worry," and that they
would soon, "hire another female."

19.     Jabved, Sanchez, and others in the workplace would proposition Plaintiff,
call her baby, and make lewd and lascivious comments about her backside.

20.     Jabved would make Plaintiff reach into his pocket to get keys

21.     Plaintiff was told she shouldn't work due to her being of the female sex, and
that instead, she should marry a Bulgarian man instead.

22.     Plaintiff was also called baby as opposed to her correct name, despite her
numerous requests to the contrary.

23.     These complaints were voiced to Atallah and his father on numerous
occasions, and the above-referenced conduct was conducted in front of Atallah
and his father on numerous occasions as well.

24.   Generally, Plaintiff was completely ignored and the managers would instead
      go have a cigarette and walk away from her in the middle of while she was
      speaking.

25.   Atallah's father would participate in the gender based ridicule of Plaintiff and
      would hit her over the head with boxes to the laughter of employees. He also
      called her a bitch and kicked her in the knees on one occasion.

26.   Also, while all other staff members were put on the schedule, Plaintiff was
      not and would instead just be called on a day to day basis and expected to be
      on call. Sometimes, she would be told to leave after only working an hour or two
      for her shift.

27.   Plaintiff was only compensated for about 50% of the hours she worked.

28.   Plaintiff also heard numerous racist remarks being made about customers
      and when black people came into the store to hand in applications, she
      observed management throw them right in the garbage can.

29.   Realizing that the workplace conditions would not change, and fearing for
      her safety as well as already suffering from severe emotional distress as a result
      of the pervasive hostile work environment perpetuated by the Defendants,'
      Plaintiff ultimately quit her job on July 7, 2015.

30.   Plaintiff filed a complaint with the EEOC on October 18, 2015. More than
      180 days have elapsed since that original filing, and Plaintiff received her Notice
      of Her right to sue from said agency on May 23, 2016. Said notice is attached
      hereto as Exhibit A.

6

**First Cause of Action or 42 U.S.C § 2000(e) of (Title VII) of the Civil Rights Act of 1964 for discrimination based upon the Plaintiff's sex in the form of sexual harassment in the workplace**

31.   Plaintiff, ASHLEY JORDAN repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

32.   During the course of Plaintiff's employment with Defendants, she was subjected to unwelcome, offensive and harassing sexually discriminatory conduct during her employment. This conduct was perpetrated upon her strictly by reason her sex.

33.   Plaintiff notified the manager and the man introduced to her as the owner of the Domino's in question on numerous occasions, and appropriate corrective action, or corrective action of any kind was not taken. Furthermore, there was no human resource officer or anyone of that nature she could turn to for possible relief.

34.   Said comments and acts of forcible touching and physical harassment, done clearly based upon the Plaintiff's sex, caused Plaintiff severe emotional distress and created an atmosphere of hostility in her workplace.

35.   This conduct was ongoing and pervasive and constituted a continuing violation of her rights.

36.  Defendants' were aware of the hostile work environment and acquiesced in the underlying hostile and discriminatory work culture. Such conduct was also open and obvious, and Plaintiff also made repeat complaints to management about the treatment she was forced to endure.

37.  As a direct and proximate result of the harassing and hostile sexual environment in her workplace as perpetrated by the Defendants,' Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

**Second Cause of Action or 42 U.S.C § 2000(e) of (Title VII) of the Civil Rights Act of 1964 for discrimination based upon the Plaintiff's sex in the form of sexual harassment in the workplace**

38.  Plaintiff, ASHLEY JORDAN repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

39.  During the course of Plaintiff's employment with Defendants, the Defendant, by and through its agents and employees, discriminated against the Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000e et Seq.

40.	The above-described unwelcome sex discrimination created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional and physical well-being.

41.	As a result of the hostile and offensive work environment perpetrated by the Defendants and their agents, and maintained by the Defendants in conjunction with the Defendants' failure to protect Plaintiff from such discrimination, the Plaintiff suffered humiliation, emotional distress, and physical pain.

42.	Defendants failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendants and its agents as described above.

43.	Defendants failed to take all reasonable and necessary steps to eliminate sex discrimination from the workplace and to prevent it from occurring in the future.

44.	As a further direct and proximate result of Defendants' violation of Title VII of the Civil Rights Act of 1964 as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendants and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are previously unknown to Plaintiff.

WHEREFORE, the plaintiff demands judgment on the above counts against the defendants, their units, their officers, employees, against and other persons acting in concert or participation with them as stated above, and award the following amounts:

A. Compensatory damages in favor of the Plaintiffs in an amount to be determined by a jury; including but not limited to lost wages, past and future impairment of power to earn money, physical pain, emotional distress and humiliation, past and future, and for the violation of her rights under Title VII of the Civil Rights Act of 1964.

B. Exemplary damages in favor of the Plaintiff;

C. Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct

D. Costs of this action, including reasonable attorney fees to the Plaintiff Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, U.S.C. 1988 (1976); and

E. Such other relief as the court may deem appropriate.

DATED:      Buffalo, New York
            August 21, 2016

The Law Offices of Matthew Albert

By: _____

Mathew Albert, ESQ.
Attorney for Plaintiff
Office and P.O. Address
254 Richmond Ave.
Buffalo, New York 14222
(716) 445-4119
mattalbertlaw@gmail.com

10