UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ASHLEY JORDAN,

                         Plaintiff,

**Hon. Hugh B. Scott**

**16CV678V**

**Report
&
Recommendation**

        v.

DOMINO'S PIZZA INC.,
DOMINO'S PIZZA LLC,
AKRAM ATALLAH,

                  Defendants.

---

    This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 6 (dispositive referral)).  The instant matter before the Court is a motion of defendants[1] (Docket No. 4) to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56 (see Docket No. 5, Defs.' Memo. at 2, citing Fed. R. Civ. P. 12(d)). In support of this motion, defendants initially submitted defendant Akram Atallah's affidavit (Docket No. 4) and a Memorandum of Law (Docket No. 5).

---

[1]It is noted in the docket that this motion is only by defendant Akram Atallah, who filed an affidavit in support of the motion, Docket No. 4.  The Notice of Motion, however, indicates that it is a motion by attorney for "defendants" (plural), id.; Docket No. 5, Defs. Memo. at 3; but cf. Docket No. 5, Defs. Memo. at 1 (memorandum "in support of Defendant's" [singular] motion to dismiss).  The Court Clerk is instructed to note defense counsel appearance for the Domino's Pizza defendants.

Response to this motion was due by November 29, 2016, with any reply due by December 6, 2016 (Docket No. 7).  The reply deadline later was extended to December 20, 2016 (Docket No. 12; <u>see</u> Docket Nos. 9, 10 (initial extension to December 13, 2016), 11).

Plaintiff submitted her responding Memorandum (Docket No. 8, dated Nov. 29, 2016, filed Nov. 30, 2016).  There, she also moves for leave to amend her Complaint to allege New York State Human Rights Law § 296 claims against Atallah (<u>id.</u> at third to fourth unnumbered pages).

Defendants submitted their Reply (Docket Nos.13-15), consisting of an affidavit of the Director of Franchise Services for Domino's Pizza LLC, Joseph Devereaux, with an exhibit (the franchise agreement for that store) (Docket No. 13, Devereaux Aff., ¶¶ 3-5, Ex. A; <u>see</u> Docket No. 14, certificate of service for the affidavit) and a Reply Memorandum (Docket No. 15).

Plaintiff (without permission of this Court, <u>cf.</u> W.D.N.Y. Loc. Civ. R. 7(a)(6) ("absent permission of the Judge hearing the motion, sur-reply papers are not permitted"), but with consent of defendants, Docket No. 16, Pl. Sur-Reply at first to second unnumbered pages) filed her Sur-Reply (Docket No. 16) on January 2, 2017.  That paper raised further issues of fact as to the franchise relationship Domino's Pizza defendants (collectively defendants Domino's Pizza Inc. and Domino's Pizza LLC) had, whether the Domino's Pizza defendants employed plaintiff (directly or indirectly through an agency theory), and whether Zoya Enterprises actually employed her.[2]  She urges that leave be given to amend the Complaint to allege state law claims

---

[2]Also included as exhibits are the affidavit of plaintiff (Docket No 16, Ex. A), plaintiff's photograph in a Domino's uniform (<u>id.</u>, Ex. B), and Atallah's Facebook page (<u>id.</u>, Ex. C).

against Atallah, arguing that he held himself out as being an employee of Domino's Pizza (id., Pl. Sur-Reply at sixth to seventh unnumbered pages).

Defense counsel wrote to this Court on January 9, 2017, requesting leave to file a response to this Sur-Reply (letter Mark Walling, Esq., to Chambers, with copy to Matthew Albert, Esq., Jan. 9, 2017, sent by email), arguing that plaintiff raised an agency theory for the first time in that Sur-Reply.  Given the recommended disposition in this Report, defendants' request to respond is **denied**.

## BACKGROUND

This is a Title VII sexual harassment action commenced by plaintiff against Domino's Pizza Inc., Domino Pizza LLC (identified as the 1105 Broadway, Buffalo, New York, store where plaintiff worked), and store manager Atallah (Docket No. 2, Compl. ¶¶ 3-5, 32-37, 39-44; see also Docket No. 1, Compl.).  Plaintiff worked at this Domino's Pizza on Broadway for about one month in 2015 (Docket No. 2, Compl. ¶ 2).  Defendant Domino's Pizza LLC is alleged to be a New York State entity that operates the Broadway store, while Domino's Pizza Inc. is a foreign limited liability company whose corporate offices are in Ann Arbor, Michigan (id. ¶¶ 5, 3).

Plaintiff began working at the Domino's Pizza at Broadway on June 3, 2015, as a customer service representative, with Atallah as manager and (she believes) Atallah's father as "owner of the store" (id. ¶¶ 13, 2), or franchisee.  On plaintiff's first or second day, another employee of the store "made aggressive sexual advances towards her" (id. ¶ 16), which proceeded to lead to what she termed "to open the floodgates to a pattern of repeated sexual harassment against" her (id. ¶ 17, see id. ¶¶ 19-22[3]).  She complained to the owner and to Atallah

---

[3]One of the allegations was that she was told that she should not be working and that "she

3

but her complaints went unheeded (id. ¶¶ 18, 23-24).  The owner (not named as a defendant)

allegedly hit plaintiff over the head with boxes in front of other employees, called her derogatory

names, and kicked her in her knees (id. ¶ 25).  She was placed on an unfavorable work schedule

and was paid for half of the hours she worked (id. ¶¶ 26, 27).  She heard racist comments about

customers and job applicants in the store (id. ¶ 28).  Realizing that work conditions would not

improve, plaintiff quit on July 7, 2015 (id. ¶¶ 29, 2).  Plaintiff then filed a complaint with the

EEOC and she received from that commission a Notice of her Right to Sue on May 23, 2016 (id.

¶ 30, Ex. A).

      The First Cause of Action alleges sexual harassment in violation of Title VII, 42 U.S.C.

§ 2000e, by plaintiff being subjected to unwelcome, offensive, and harassing conduct during her

one month of employment (id. ¶¶ 32-37).  The Second Cause of Action, also a violation of

Title VII, alleges that plaintiff was discriminated against in the terms, conditions, and privileges

of her employment due to her gender (id. ¶¶ 29-44).  Plaintiff seeks compensatory, exemplary,

and punitive damages, costs, and recovery of her attorneys' fees (id. at 10, "WHEREFORE"

clause).

*Defendants' Present Motion to Dismiss or for Summary Judgment*

      Defendants, in lieu of an Answer, filed the pending motion (Docket No. 4).  Atallah

stated in his affidavit that Domino's Pizza Inc. is a Delaware corporation and Domino's Pizza

LLC is a Michigan Limited Liability Corporation and neither owned the store at 1105 Broadway

(id., Atallah Aff. ¶ 2)[4].  Atallah then denied having any ownership interest in the Domino's Pizza

---

should marry a Bulgarian man instead," Docket No. 2, Compl. ¶ 21.

    [4]This affidavit fails to state the basis of Atallah's knowledge of these facts regarding the

franchise at 1105 Broadway (id. ¶ 3).  In reply, Devereaux for Domino's Pizza LLC asserts that, as franchisor, it did not own the 1105 Broadway store or employ anyone there; the store was owned by franchisee (and non-party) Zoya Enterprises, Inc. (Docket No. 13, Devereaux Aff. ¶¶ 1, 2-3, 5, 6, 9-10, 12, 13, Ex. A).

Defendants argue that the Domino's Pizza defendants did not employ plaintiff (Docket No. 5, Defs.' Memo. at 2; see also Docket No. 13, Devereaux Aff.).  They contend that the Complaint fails to state a claim because the supervisory defendants were not liable under Title VII, Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam); Tomka v. The Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995) (Docket No. 5, Defs.' Memo. at 3), abrogated on other grounds by Burlington Indus., Inc. v. Ellerth, 524 U.S. 724 (1998); see also Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir. 2004).  Since only an employer, and not an individual agent, is liable under Title VII, see Tomka, supra, 66 F.3d at 1313-17, and plaintiff failed to name her employer (the unnamed Domino's Pizza franchisee), defendants conclude that her claims should be dismissed (id.).

Plaintiff responds that defendants raise material issues of fact in their motion to dismiss as to who employed her (Docket No. 8, Pl. Memo. at first to second unnumbered pages).  She contends that her allegation that Domino's Pizza LLC and Domino's Pizza Inc. employed her, rather than some unnamed franchisee, has to be accepted as true at this stage (id.).  Even if she were in fact employed by a franchisee, plaintiff contends that the Domino corporate defendants would remain liable "based upon the relationship between the corporate entities and the unnamed

---

Domino's Pizza defendants' corporate structure or their ownership of stores in Buffalo or that either corporation employed plaintiff.

presupposed franchisor [sic] referenced in Defendant Atallah's affidavit" (id. at second unnumbered page), although Atallah's affidavit does not state who employed plaintiff (cf. Docket No. 4, Atallah Aff.).  She argues that these corporate relationships needed to be fleshed out in discovery and it is thus "far too early and premature" to reach that question (Docket No. 8, Pl. Memo. at second unnumbered page).  As for Atallah, plaintiff now contends that he hired her and thus is liable as a supervisor (id. at third unnumbered page), see McIlwain v. Korbean Int'l Inv. Corp., 896 F. Supp. 1373, 1381 (S.D.N.Y. 1995) (quoting Paroline v. Unisys Corp., 879 F.2d 100, 104 (4th Cir. 1989)).  Although the Complaint alleges that Atallah was the store manager (Docket No. 2, Compl. ¶ 13), that pleading does not allege who in fact hired plaintiff. In this memorandum, plaintiff accuses Atallah as "an active participant in her sexual harassment" (Docket No. 8, Pl. Memo. at third unnumbered page), although the Complaint does not make such a clear allegation; all that is alleged is that plaintiff complained about instances of harassment to Atallah which he did not act upon.

In this response, plaintiff also seeks leave to amend the Complaint to assert a New York State Human Rights Law § 296 claim against Atallah (id.), but she does not include a formal motion with supporting exhibits (such as the proposed Amended Complaint).

In reply, defendants submit an affidavit from Domino's Pizza defendants denying that they employed plaintiff (Docket No. 13, Devereaux Aff. ¶¶ 6-8).  Defendants conclude that (considering this as a converted summary judgment motion) no issue of material fact exists as to the Domino defendants' role here (Docket No. 15, Defs. Reply Memo. at 1-3).  They also renew their argument that plaintiff failed to state a cognizable claim against defendant Atallah because individual defendants are not liable under Title VII (a proposition defendants find uncontested by

plaintiff here) (<u>id.</u> at 4).   Regarding plaintiff's request for leave to amend, defendants reply that a

response to a dispositive motion is not the appropriate vehicle for seeking that leave (<u>id.</u>).

Defendants conclude that amendment would be without merit because it assumes federal

jurisdiction to supplement with a state law claim (<u>id.</u>).

**DISCUSSION**

I.     Applicable Standards

    A.     Dispositive Motions

Defendants alternatively seek dismissal under Federal Rule 12(b)(6) for failure to state a

claim or under Rule 56 for summary judgment in their favor, <u>see</u> Fed. R. Civ. P. 12(d) (Docket

Nos. 4, Defs. Notice of Motion; 15, Defs. Reply Memo. at 1).

    1.     Rule 12(b) Motion to Dismiss

Under Rule 12(b)(6), this Court cannot dismiss a Complaint unless it appears "beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  As the Supreme Court held in <u>Bell</u>

<u>Atlantic Corp. v. Twombly</u>, 550 U.S. 554 (2007), a Complaint must be dismissed pursuant to

Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead

"enough facts to state a claim to relief that is plausible on its face," <u>id.</u> at 570 (rejecting

longstanding precedent of <u>Conley</u>, <u>supra</u>, 355 U.S. at 45-46); <u>Hicks v. Association of Am. Med.</u>

<u>Colleges</u>, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007).  To

survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a

right to relief above the speculative level," <u>Twombly</u>, <u>supra</u>, 550 U.S. at 555; <u>Hicks</u>, <u>supra</u>,

7

2007 U.S. Dist. LEXIS 39163, at *5.  As recently reaffirmed by the Court in <u>Ashcroft v. Iqbal</u>,

556 U.S. 662 (2009), <u>rev'g</u> <u>Iqbal v. Hasty</u>, 490 F.3d 143 (2d Cir. 2007),

> "To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to 'state a claim to relief that is plausible on its face.'
> [<u>Twombly</u>, <u>supra</u>, 550 U.S.] at 570 . . . .  A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.  <u>Id.</u>, at 556 . . . .
> The plausibility standard is not akin to a 'probability requirement,' but it asks for
> more than a sheer possibility that a defendant has acted unlawfully.  <u>Ibid.</u>  Where
> a complaint pleads facts that are 'merely consistent with' a defendant's liability, it
> 'stops short of the line between possibility and plausibility of "entitlement to
> relief."'  <u>Id.</u>, at 557 . . . (brackets omitted)."

<u>Iqbal</u>, <u>supra</u>, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading.  The pleading is deemed

to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document

incorporated in it by reference.  <u>Goldman v. Belden</u>, 754 F.2d 1059 (2d Cir. 1985).  In

considering such a motion, the Court must accept as true all of the well-pleaded facts alleged in

the Complaint.  <u>Bloor v. Carro, Spanbock, Londin, Rodman & Fass</u>, 754 F.2d 57 (2d Cir. 1985);

<u>see also</u> <u>Storr v. Anderson Sch.</u>, 919 F. Supp. 144, 145-46 (S.D.N.Y. 1996) (citing <u>Scheuer v.

Rhodes</u>, 416 U.S. 232, 236 (1974)) (Docket No. 8, Pl. Memo. at first unnumbered page).

However, conclusory allegations that merely state the general legal conclusions necessary to

prevail on the merits and are unsupported by factual averments will not be accepted as true.  <u>New

York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions</u>, 235 F.

Supp. 2d 123 (N.D.N.Y. 2002).

If matters outside of the pleadings are presented in a Rule 12 motion that are not excluded

by this Court, "the motion must be treated as one for summary judgment under Rule 56.  All

8

parties must be given a reasonable opportunity to present all the material that is pertinent to the motion," Fed. R. Civ. P. 12(d).

        2.      Rule 56 Summary Judgment

Summary judgment under Rule 56, however, is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(a) (effective Dec. 2010).  The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.  In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354.  "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997).  While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).  The opponent to summary judgment may argue that he

9

cannot respond to the motion where it shows, by affidavit, "that, for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d).

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56(a)(1), (2) (effective Jan. 1, 2011).  The movant is to submit facts in which there is no genuine issue, <u>id.</u> R. 56(a)(1), while the opponent submits an opposing statement of material facts as to which it is contended that there exists a genuine issue to be tried, <u>id.</u> R. 56(a)(2).  Each numbered paragraph in the movant's statement will be deemed admitted unless specifically controverted by a correspondingly numbered paragraph in the opponent's statement, <u>id.</u>  Each statement of material fact is to contain citations to admissible evidence to support the factual statements and all cited authority is to be separately submitted as an appendix to that statement, <u>id.</u> R. 56(a)(3).

B.     Leave to Amend the Complaint

Plaintiff in her response also seeks to amend the Complaint to state a State Human Rights Claim (Docket No. 8, Pl. Memo. at third to fourth unnumbered pages).  Under Federal Rule of Civil Procedure 15(a)(2) amendment of pleadings after the time to do so as of right, <u>see</u> <u>id.</u> R. 15(a)(1), requires either consent of all parties (apparently not present here) or by leave of the Court.  Under Rule 15(a) motions for leave to amend the complaint are to be freely given when justice requires.  Granting such leave is within the sound discretion of the Court.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 330 (1971).  "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Foman, supra, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).

Under this Court's Local Civil Rules, the movant seeking leave to amend must attach an unsigned copy of the amended pleading plus a strikeout/redline version of the original pleading indicating the proposed changes as exhibits to the motion, W.D.N.Y. Loc. Civ. R. 15(a), (b). The purpose for this rule is that this Court and the parties are aware of the proposed changes in pleadings and allows this Court to determine if the amendment would be futile or whether previously noted deficiencies were addressed.

C.      Motion Practice before this Court

Finally, as just noted this Court expects certain submissions to come with a motion for summary judgment, W.D.N.Y. Loc. R. 56(a), or for motion for leave to amend a pleading, id., R. 15(a), (b).  This Court generally has rules for filling motions, id., R. 7(a), including the rule against filing sur-replies absent permission of this Court, id., R. 7(a)(6).  The purpose of the latter rule is to have finality in the presentation of a motion and its opposition and to lead to prompt disposition of motions without awaiting further responses and countering responses from the parties.  In addition, these rules require papers filed with the Court be consecutively numbered, id., R. 10(a)(5), to ease the citation of points raised by movants and opponents.

II.      Motion to Dismiss

Defendants' motion fails (regarding the Domino's Pizza defendants) as a Rule 12(b)(6) motion for two reasons.  First, viewing this motion as one to dismiss, this Court has to accept plaintiff's initial allegations in her Complaint as true (as she argues in her response, Docket

No. 8, Pl. Memo. at first to second unnumbered pages) including her contention that all three

defendants employed her (see Docket No. 2, Compl. ¶¶ 3-5).  This Court cannot accept

plaintiff's sworn responses to this motion (e.g., Docket No. 16, Ex. A) with the same fidelity.

But looking only at the Complaint, plaintiff has plausibly alleged employment by either

corporate defendant or Atallah to state a claim.  Additional materials, such as defendant Atallah's

affidavit and the reply affidavit of Domino's Pizza corporate defendants, cannot be used to

"clarify facts not apparent from the Complaint" (cf. Docket No. 5, Defs.' Memo. at 2) and do not

address the plausibility of plaintiff's assertions.

This motion turns on the fact that, according to defendants, plaintiff failed to name her

employer, Zoya Enterprises (see Docket No. 13, Devereaux Aff. ¶ 10), the Domino's Pizza

franchisee of the Broadway store.  But plaintiff made a factual averment that the named

defendants employed her.  As a motion to dismiss, that averment is plausible and has to be

accepted as true.  As a result, the motion to dismiss as to Domino's Pizza Inc. and Domino's

Pizza LLC should be **denied**.

Second, the other reason this motion to dismiss should be denied is because defendants

included the affidavits of Atallah and one from the Domino's Pizza defendants.  Under

Rule 12(d), by defendants introducing these affidavits (adding matters beyond the pleadings and

in fact disputing the facts alleged in the Complaint), the motion has to be converted into a

summary judgment motion, unless this Court excludes the added material, Fed. R. Civ. P. 12(d)

(emphasis supplied).  Inclusion of these affidavits, as well as plaintiff's responses (in her Sur-

Reply, plaintiff also questions what Zoya Enterprises is and whether it employed her (see Docket

No. 16, Pl. Sur-Reply at fifth unnumbered page), whether Atallah held himself out to be an

employee of Domino's Pizza (id. at seventh unnumbered page)), raises potential issues of fact. Beyond the dispute whether (as alleged) defendants employed plaintiff, plaintiff's present response (cf. Docket No. 8, Pl. Memo. at second unnumbered page; Docket No. 16, Pl. Sur-Reply at third to fifth unnumbered page (arguing agency relationship existed)) that the relationship between the Domino's Pizza defendants and the unnamed franchisee somehow makes the Domino's Pizza defendants liable under Title VII raises another issue of fact as to the nature of the relationship between defendants and the franchisee, Devereaux's affidavit and attached exhibit of the franchise agreement notwithstanding.  Plaintiff cites to the Eighth Circuit's decision in Baker v. Stuart Broadcasting Co., 560 F.2d 389, 392 (8th Cir. 1977) (Docket No. 8, Pl. Memo. at second unnumbered page), which provides a four-factor test to determine if two corporate entities should be consolidated to be treated as the sole employer of the victim, each factor raising a factual issue (such as the interrelationship of operations, common ownership, common management, and control of labor relations), see id. (discussing evidence of relationship of two corporations).  Defendants answer to this is that an independent contractual relationship existed between the franchisors (Domino's Pizza defendants) and franchisee Zoya Enterprises and thus defendants are not liable for the franchise's actions or inactions (see Docket No. 15, Defs. Reply Memo. at 3).

Thus, this Court has the choice of excluding these affidavits[5] (as Atallah alternatively argued (Docket No. 5, Defs.' Memo. at 2)) and consider solely a motion to dismiss the Complaint against Atallah or include the affidavits and convert the motion into a motion for

---

[5]Including plaintiff's Sur-Reply Affidavit, Docket No. 16, Ex. A, as well as plaintiff's unsworn response raising facts beyond those initially alleged in the Complaint, see Docket No. 8, Pl. Memo. at third unnumbered page.

summary judgment, see MacFall v. City of Rochester, 495 Fed. App'x 158, 161 (2d Cir. 2012) (summary Order), with all the procedures required for a summary judgment motion.  Given the concerns (discussed below) about conversion of the present motion as a summary judgment motion, defendants' affidavits (Docket Nos. 4, 13) **should be excluded** and the motion to dismiss **should be limited to the filed pleadings**, O'Connell v. Town of Farmington, No. 02cv6205, 2004 U.S. Dist. LEXIS 14872, at *21 (W.D.N.Y. Jan. 21, 2004) (Siragusa, J.) (Court declines to convert motion to dismiss into summary judgment motion because parties introduced material outside of pleadings and failed to comply with then Local Civil Rule 56.1). This Court should not address the merits of whether the Domino's Pizza defendants employed plaintiff at this time based upon the present motion to dismiss.  As a result, the motion to dismiss of Domino's Pizza LLC and Domino's Pizza Inc. (Docket No. 4) **should be denied**.

But as for defendant Atallah, consideration of his affidavit is not necessary to decide his motion to dismiss.  On the substance of that motion, defendants contend that plaintiff fails to state a claim against Atallah because individual defendants with supervisory control over an employee (apparently such as Atallah) are not liable under Title VII, Tomka, supra, 66 F.3d at 1313 (Docket No. 5, Defs.' Memo. at 3).  Plaintiff responds (again beyond her pleadings) that Atallah hired her and later participated in her harassment (see Docket No. 8, Pl. Memo. at third unnumbered page).  Unlike the identity of her employer alleged in the Complaint, absent such an averment, this Court cannot accept plaintiff's factual response to this motion.

Resting solely upon plaintiff's Complaint, Atallah is an individual alleged to be liable under Title VII.  As a matter of law, individual defendants, such as Atallah, are not liable under Title VII, see, e.g., Patterson, supra, 375 F.3d at 221; Wrighten, supra, 232 F.3d at 120.  This

Court need not consider Atallah's affidavit to reach this legal point.  Plaintiff has not refuted this

to establish that Atallah was her employer and a mere supervisor of her employer (again, an

unnamed entity).  Even if the Sur-Reply (Docket No. 16) is considered, which it should not due

to this Court's Local rules and the additional facts asserted beyond the pleadings, plaintiff there

only argues that Atallah held himself out to be a Domino's Pizza employee (id., Reply at seventh

unnumbered page, Ex. C), although Atallah's Facebook page presented by plaintiff indicates that

he was "management at Domino's Pizza" (id., Ex. C).  Plaintiff does not address or overcome the

bar on individual liability under Title VII despite Atallah's holding himself out to be a Domino's

Pizza employee.  Despite plaintiff's contrary argument (id. at seventh unnumbered page),

plaintiff had not stated "a valid federal claim" against Atallah, at least under Title VII.

Defendants' motion to dismiss under Title VII claims against Atallah should be **granted**.  As a

result, without those affidavits, the motion to dismiss (Docket No. 4) should be **granted** only as

to defendant Atallah and **denied** as to defendants Domino's Pizza Inc. and Domino's Pizza LLC.

III.     Motion for Summary Judgment

        While defendants included their affidavits (Docket Nos. 4, 13) leading to the potential

conversion of their motion to dismiss into a motion for summary judgment under Rule 12(d)

(and plaintiff following suit, Docket No. 16, Ex. A, in response), defendants fail to include a

statement of material facts as required for a summary judgment motion under the Federal Rules,

Fed. R. Civ. P. 56(c)(1)(A), and this Court's Local Rules, W.D.N.Y. Loc. Civ. R. 56(a)(1)

(separate statement of material facts "shall be annexed to the notice of motion" for summary

judgment, formerly known as Rule 56.1).  The purpose of that statement is for the movants to

identify material facts for the opponent to respond to with her counter statement of facts and for

this Court ultimately to determine whether a factual issue exists to preclude summary judgment, complete with the evidentiary basis for the facts to show whether they are material or not.  The statement of undisputed material fact "'is to streamline the consideration of summary judgment motions by freeing [this Court] from the need to hunt through voluminous records without guidance from the parties,'" Covelli v. National Fuel Gas Distrib. Corp., No. 99cv500, 2001 U.S. Dist. LEXIS 239232, at *5 (W.D.N.Y. Dec. 6, 2001) (Elfvin, J.) (applying then W.D.N.Y. Loc. Civ. R. 56.1, quoting Holtz v. Rockefeller & Co., 258 F.3d 62, 784 (2d Cir. 2001) (discussing equivalent S. & E.D.N.Y. Loc. Civ. R. 56.1).  The moving party has to set forth "the material facts that it contends are not in dispute, whereas the non-moving party must then set forth the material facts that it contends are in dispute," Samborski v. West Valley Nuclear Servs., No. 99cv213, 2002 U.S. Dist. LEXIS 12745, at *4 (W.D.N.Y. June 25, 2002) (Elfvin, J.), with citations to the evidentiary record to support the factual assertions, W.D.N.Y. Loc. Civ. R. 56(a)(3).  While this Court has the discretion "to overlook a party's failure to comply with local court rules," Holtz, supra, 258 F.3d at 73-74, or even search the record absent a statement of material facts (if it chooses to do so), the Court is not required to do so, Covelli, supra, 2001 U.S. Dist. LEXIS 239232, at *5-6; Wega v. Center for Disability Rights, No. 06cv6375, 2009 U.S. Dist. LEXIS 91156, at *6 n.3 (W.D.N.Y. Sept. 30, 2009) (Telesca, J.).

Finally, under Local Civil Rule 56(a)(1), failure to submit a statement of facts may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56(a)(1).  For example, in Arons v. Lalime, 3 F. Supp. 2d 314, 317 (W.D.N.Y. 1998), Judge Arcara adopted the Report and Recommendation of Magistrate Judge Heckman, id., No. 94cv618, 1997 U.S. Dist. LEXIS 22194 (W.D.N.Y. Mar. 11, 1997) (Heckman, Mag. J.); id., 3 F. Supp. 2d 314, 319 n.1

(W.D.N.Y. 1997) (Heckman, Mag. J.), which recommended denial of defendant Lalime's motion
for summary judgment because Lalime failed to file a Rule 56 statement, id., 1997 U.S. Dist.
LEXIS 22194; id., 3 F. Supp. 2d 314, 319 n.1.  Also Federal Rule 12(d) contemplates all parties
having a "reasonable opportunity to present all material that is pertinent to" the converted motion
for summary judgment, Fed. R. Civ. P. 12(d).

Here, both sides present scant materials either in support of or in opposition to summary
judgment.  Neither side has produced a statement of material facts or a countering statement, cf.
W.D.N.Y. Loc. Civ. R. 56(a)(2).  Plaintiff rests on her Complaint, with her responding
Memorandum (Docket No. 8) and Sur-Reply (Docket No. 16) each raising new allegations but
only submitting evidence in an admissible form (for example, her affidavit) in her Sur-Reply
(again, filed without Court permission, W.D.N.Y. Loc. Civ. R. 7(a)(6), although consented to by
defendants, Docket No. 16, Pl. Sur-Reply at first to second unnumbered pages) to refute
defendants' summary judgment motion.  The unsworn memorandum makes new allegations
(Docket No. 8, Pl. Memo. at second and third unnumbered pages) that, absent an evidentiary
basis, this Court ought not to consider at this time.  Similarly, the Sur-Reply (Docket No. 16)
with its additional factual allegations, although with plaintiff's affidavit attached, should not be
considered at this time due to violation of this Court's Local Civil Rule 7.  Although defendants
produced their affidavits denying an employment relationship with plaintiff, they did not list
their allegations in a separate statement of material facts (with citations to these affidavits,
exhibits or other evidence supporting each separate statement) for refutation by plaintiff and
eventual consideration by this Court.

As plaintiff observes (Docket No. 8, Pl. Memo. at second unnumbered page), the one key material fact here is whether any of the named defendants employed her, a fact defendants deny in their motion (but not fully for a summary judgment motion).  And, as she argues (id.), resolution of that issue at this time is too premature prior to discovery, but cf. Fed. R. Civ. P. 56(d) (despite the Devereaux affidavit).  This Court notes that plaintiff's position has evolved from the Complaint to her response to this motion to the Sur-Reply, responding to facts asserted for the first time by defendants.  For instance, the Complaint merely alleged that defendant Atallah was the manager of the store owned by his father, not named as a defendant (Docket No. 1, Compl. ¶¶ 4, 13); whereas the response to defendants' motion argued that Atallah hired plaintiff and actively participated in her harassment (Docket No. 8, Pl. Response at third unnumbered page); now her Sur-Reply states that Atallah held himself out as a Domino's Pizza Inc. employee (Docket No. 16, Pl. Sur-Reply at seventh unnumbered page, Ex. C).

Defendants' motion here is effectively in lieu of an Answer; no discovery has been conducted or scheduled.  Plaintiff needs the opportunity to respond to this motion as one seeking summary judgment and properly produce whatever evidence in admissible form she has to show that an issue of fact remains (for example) whether any of the named defendants employed her, which she attempts to do partially in her response and Sur-Reply.

Denial of summary judgment at this time is appropriate since a fundamental issue of fact has been raised as to whether any of the corporate defendants employed plaintiff for Title VII purposes.  With defendants' submissions to date, their statement of material facts could be made quickly and their motion for summary judgment renewed.  If that were to occur, plaintiff could respond to the factual assertions on a point-by-point basis and this Court then could squarely

address whether these Domino's Pizza defendants are entitled to judgment as a matter of law. This Court is not addressing the merits of a summary judgment motion (that is, whether defendants are entitled to judgment or whether a material issue of fact exists) or plaintiff's arguments against it (save those procedural arguments about the adequacy of the motion as one for summary judgment) at this time.

Given the incomplete nature of this converted motion as a summary judgment motion for all defendants, their motion for summary judgment (Docket No. 4) should be **denied**. This denial should be **without prejudice** to raising their contentions later following either discovery in this action or submission of a proper summary judgment motion.

Alternatively, if the affidavits remain in this case (and the motion to dismiss is converted into one seeking summary judgment), this dispositive motion **still should not be decided now** until plaintiff has a renewed opportunity to file her complete response to this converted summary judgment motion and establish that material facts (such as whether defendants in fact employed her) are in dispute, see also Fed. R. Civ. P. 12(d), 56(c)(1)(party asserting that a fact is genuinely disputed must support the assertion by reference to admissible evidence, see Rule 56(c)(1)(A), listing types of acceptable material in record), and to raise properly her legal objections to judgment being entered against her. Local Rule 56(a)(2) require plaintiff as opponent to submit an opposing statement to each numbered paragraph in movants' statement and, if necessary, additional paragraphs of "additional material facts as to which it is contended there exists a genuine issue to be tried," W.D.N.Y. Loc. Civ. R. 56(a)(2), but absent such an opposing statement, the unchallenged numbered paragraphs of movants' statement are deemed admitted unless specifically controverted, id. This Court should not decide the present motion absent

19

plaintiff formally and completely taking some position on the defense allegations regarding who employed her.

IV.     Leave to Amend the Complaint

Finally, in response to this motion, plaintiff also seeks leave to amend the Complaint to assert a supplemental (see 28 U.S.C. § 1367(a)) New York State Human Rights Law claim against Atallah (Docket No. 8, Pl. Memo. at third and fourth unnumbered pages; see Docket No. 16, Pl. Sur-Reply at sixth to seventh unnumbered pages).  As noted above in discussing defendants' dispositive motion, plaintiff may also need this leave to amend to make factual assertions that were not made in the original Complaint that are now asserted in response and Sur-Reply to this motion (for example, Atallah's role in hiring plaintiff and later harassing her, whether he held himself out to be an employee of Domino's Pizza Inc.).

Where a motion for leave to amend is usually non-dispositive (that is, addressed by this Court in an Order), e.g., Rubin v. Valicenti Advisory Servs., Inc., 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007) (Larimer, J.); Palmer v. Monroe County Sheriff, 378 F. Supp. 2d 284, 288-89 (W.D.N.Y. 2005) (Siragusa, J.), with the connection made here by plaintiff to defendants' dispositive motion, consideration of the motion for leave becomes dispositive and a recommendation will be made for handling this motion.  For example, if leave were granted, given the recommendation to dismiss the Title VII claim against Atallah, such an amendment would revive the case alleged against him and would be dispositive in that sense.

Unlike Title VII, the New York State Human Rights Law does allow claims against individuals rather than solely against the "employer" of the victim employee, see N.Y. Exec. L. § 296(6) ("it shall be an unlawful discriminatory practice for any person to aid, abet, incite,

compel, or coerce the doing of any of the acts forbidden" under that act, emphasis added);

McIlwain, supra, 896 F. Supp. at 1382-83, 1382 & n.5; Linville v. O & K Trojan, Inc.,

No. 91CV284, 1994 U.S. Dist. LEXIS 4293, at *61-63 (W.D.N.Y. Mar. 31, 1994) (Skretny, J.)

(citing Patrowich v. Chemical Bank, 63 N.Y.2d 541, 483 N.Y.S.2d 659 (1984)).

But as defendants note (Docket No. 15, Defs. Reply Memo. at 4), to exercise

supplemental jurisdiction under 28 U.S.C. § 1367 to add the New York State law claim, there

must be a basis for federal subject matter jurisdiction over a defendant to supplement claims

against them, see Loughlin v. United States, 393 F.3d 155, 168-72 (D.C. Cir. 2004).  With the

recommended dismissal of the federal Title VII claim against Atallah, absent some action staying

that disposition, there would be no basis for federal subject matter jurisdiction over Atallah to

supplement with state law claims against him.

As a motion for leave to amend, it also **should be denied** on procedural grounds as well.

With the bare bones application contained in a response to a separate motion as supplemented by

further allegations in a Sur-Reply, without the necessary exhibits of the proposed amended

pleading and a redline version of the original Complaint showing the sought changes, W.D.N.Y.

Loc. Civ. R. 15(a), (b), plaintiff's motion for leave to amend is incomplete.  If the

recommendation herein that Title VII claims against Atallah be dismissed is adopted, then there

is no federal jurisdiction over that defendant to extend supplemental jurisdiction to assert state

law claims.  Plaintiff's responding motion for leave to amend the Complaint (Docket No. 8, Pl.

Response at third and fourth unnumbered pages; see Docket No. 16, Pl. Sur-Reply at sixth to

seventh unnumbered pages) also **should be denied** because there is no federal jurisdiction that

could be supplemented against that defendant and for procedural deficiencies in the motion for leave to amend.

## CONCLUSION

Based upon the above, it is recommended that Defendants' motion to dismiss (Docket No. 4) be **denied in part as to defendants Domino's Pizza LLC and Domino's Pizza Inc., and granted in part as to defendant Atallah** and their alternative motion for summary judgment (id.) should be **denied** as to all defendants; that conversion of the motion to dismiss into one for summary judgment should be **denied**.  Plaintiff's responding motion for leave to amend the Complaint to add supplemental claim against Atallah (Docket No. 8, Pl. Memo. at third and fourth unnumbered pages) should be **denied**.

Plaintiff is **denied** leave to file the Sur-Reply (Docket No. 16) and defendants' request (letter of January 9, 2017) for leave to respond to that Sur-Reply is also **denied**.

The Court Clerk is requested to note the appearance of defense counsel, Mark R. Walling, Esq., for defendants Domino's Pizza LLC and Domino's Pizza Inc. (see Docket No. 4).

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
January 9, 2017

23