UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT: WESTERN DISTRICT OF NEW YORK

---

ASHLEY JORDAN
31 KENT STREET
BUFFALO, NY 14212

                Plaintiff,        Index No.    1:16-cv-00678

   -vs-                                      **COMPLAINT**

DOMINO'S PIZZA INC.
CORPORATE OFFICES
30 FRANK LLOYD WRIGHT DR.
ANN ARBOR, MI., 48105

DOMINO'S PIZZA LLC.
1105 BROADWAY ST.
BUFFALO, NY 14212

~~AKRAM ATALLAH~~
~~MANAGER OF DOMINO'S PIZZA~~
~~1105 BROADWAY STREET~~
~~BUFFALO, NY 14212~~

ZOYA ENTERPRISES, INNC.
524 31ST STREET
UNION CITY, NJ 07087

              _____Defendants.

## JURY DEMAND

Trial by Jury on all issues is demanded

## PRELIMINARY INTRODUCTION

1. This is an action brought pursuant to 42 U.S.C § 2000(e) of (Title VII) of the Civil Rights Act of 1964 for discrimination based upon the Plaintiff's sex in the form of sexual harassment in the workplace that was severe and pervasive in nature, and that, as a result, subjected Plaintiff to a hostile work environment that was intimidating and offensive in nature.

## PARTIES

2. Plaintiff, Ashley Jordan, (8/18/1995), worked at Domino's Pizza LLC. at the above-referenced address from on or about June 3, 2015 through July 7, 2015. She is a resident of Buffalo, New York, and resided here during the period of her employment.

3. Defendant Domino's Pizza LLC is an incorporated New York State entity ~~and operates a restaurant at 1105 Broadway Street, Buffalo, New York 14212~~. It is a foreign limited liability

2

company whose registered agent is CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

4. Defendant Akram Atallah is the manager of the Domino's Pizza franchise, or location, that the Plaintiff was so employed, located at 1105 Broadway Street, Buffalo, New York 14212.

5. Defendant Domino's Pizza Inc. is a foreign limited liability company whose corporate offices are located at 30 Frank Lloyd Wright Drive, Ann Arbor, Michigan, 48105.

6. Defendant Zoya Enterprises Inc. is an incorporated New Jersey entity and operates a restaurant at 1105 Broadway Street, Buffalo, New York 14212, thereby doing business in the state of New York.

## JURISDICTION

7. Plaintiff brings this action to recover damages under 42 U.S.C § 2000(e) of (Title VII) of the Civil Rights Act of 1964 for discrimination based upon the Plaintiff's sex in the form of sexual harassment in the workplace that was severe and pervasive in nature, and that, as a result, subjected Plaintiff to a hostile work environment that was intimidating and offensive in nature.

8. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1332 (federal question) and § 1343 (civil rights).

9. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Compensatory and Punitive damages are sought.

11. Costs and Attorney's fees may be awarded pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. Rule 54.

12. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging sexual harassment. This action was~~is being~~ commenced within (90) days after receipt of the EEOC's issuance of a Right to Sue letter.

~~12.~~13. Each named Defendant was Plaintiff's Employer and each Defendant constitutes an employer as defined by 42 U.S. Code §2000e(b).

### VENUE

~~13.~~14. This action properly lies in the Western District of New York, pursuant to 28 U.S.C. § 1343(3) because the claims arose in this judicial district and the Defendants reside in and /or do business in Erie County.

### FACTUAL BACKGROUND

~~14.~~15. On June 3, 2015, the Plaintiff began her job at Zoya Enterprises Inc., as an agent of Domino's Pizza LLC, and Domino's Pizza Inc., ~~-~~at 1105 Broadway Street, Buffalo, NY. 14212 as a Customer Service Representative. As stated, the manager of the store is Defendant Akram Atallah. Upon information and belief, Atallah's father, name unknown, was the owner of the store. Other people of relevance in this complaint are Joseph Sanchez, Arif (last name unknown), and Jabved (last name unknown), who also worked at the 1105 Broadway Street location.

4

15.16.    Sanchez was a pizza delivery driver, while Arif and Jabved are believed to have been assistant managers of some kind.

16.17.    Plaintiff's duties, as a Customer Service representative were to clean, cook, and answer the phone and take orders.

17.18.    On either the first or second day of Plaintiff's employment, employee Joseph Sanchez picked up Plaintiff by her waist in a back area of the restaurant and made aggressive physical sexual advances towards her. Plaintiff had to push off Sanchez to defend herself from possibly an even more serious attack. Plaintiff, who worked at numerous jobs including those in the food service industry, had not encountered such behavior before and feared being raped. Plaintiff informed supervisors Arif and Jabved, neither of whom took any corrective action against Sanchez.

18.19.    Instead, this act seemed to open the floodgates to a pattern of repeated sexual harassment against Plaintiff. Jabved, a manager, would repeatedly rub up against Plaintiff whenever he would walk by her, despite there being plenty of room in the assembly line or otherwise where he could walk by without contacting her in any way.

19.20.    Plaintiff would tell manager Atallah and the man believed to be Atallah's father of these acts... they would merely tell her, "not to worry," and that they would soon, "hire another female."

20.21.    Jabved, Sanchez, and others in the workplace would proposition Plaintiff, call her baby, and make lewd and lascivious comments about her backside.

21.22.    Jabved would make Plaintiff reach into his pocket to get keys

22.23.    Plaintiff was told she shouldn't work due to her being of the female sex, and that instead, she should marry a Bulgarian man instead.

5

24. Plaintiff was also called baby as opposed to her correct name, despite her numerous requests to the contrary.

25. These complaints were voiced to Atallah and his father on numerous occasions, and the above-referenced conduct was conducted in front of Atallah and his father on numerous occasions as well.

26. Generally, Plaintiff was completely ignored and the managers would instead go have a cigarette and walk away from her in the middle of while she was speaking.

27. Atallah's father would participate in the gender based ridicule of Plaintiff and would hit her over the head with boxes to the laughter of employees. He also called her a bitch and kicked her in the knees on one occasion.

28. Also, while all other staff members were put on the schedule, Plaintiff was not and would instead just be called on a day to day basis and expected to be on call. Sometimes, she would be told to leave after only working an hour or two for her shift.

29. Plaintiff was only compensated for about 50% of the hours she worked.

30. Plaintiff also heard numerous racist remarks being made about customers and when black people came into the store to hand in applications, she observed management throw them right in the garbage can.

31. Realizing that the workplace conditions would not change, and fearing for her safety as well as already suffering from severe emotional distress as a result of the pervasive hostile work environment perpetuated by the Defendants,' Plaintiff ultimately quit her job on July 7, 2015.

31. Plaintiff filed a complaint with the EEOC on October 18, 2015. More than 180 days have elapsed since that original filing, and Plaintiff received her Notice of Her right to sue from said agency on May 23, 2016. ~~Said notice is attached hereto as Exhibit A.~~

32.

**First Cause of Action or 42 U.S.C § 2000(e) of (Title VII) of the Civil Rights Act of 1964 for discrimination based upon the Plaintiff's sex in the form of sexual harassment in the workplace**

33. Plaintiff, ASHLEY JORDAN repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

34. During the course of Plaintiff's employment with Defendants, she was subjected to unwelcome, offensive and harassing sexually discriminatory conduct during her employment. This conduct was perpetrated upon her strictly by reason her sex.

35. Plaintiff notified the manager and the man introduced to her as the owner of the Domino's in question on numerous occasions, and appropriate corrective action, or corrective action of any kind was not taken. Furthermore, there was no human resource officer or anyone of that nature she could turn to for possible relief.

36. Said comments and acts of forcible touching and physical harassment, done clearly based upon the Plaintiff's sex, caused Plaintiff severe emotional distress and created an atmosphere of hostility in her workplace.

37. This conduct was ongoing and pervasive and constituted a continuing violation of her rights.

7

37.38. Defendants' were aware of the hostile work environment and acquiesced in the underlying hostile and discriminatory work culture. Such conduct was also open and obvious, and Plaintiff also made repeat complaints to management about the treatment she was forced to endure.

38.39. As a direct and proximate result of the harassing and hostile sexual environment in her workplace as perpetrated by the Defendants,' Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

*Formatted: Line spacing: single*

**Second Cause of Action or 42 U.S.C § 2000(e) of (Title VII) of the Civil Rights Act of 1964 for discrimination based upon the Plaintiff's sex in the form of sexual harassment in the workplace**

39.40. Plaintiff, ASHLEY JORDAN repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

40.41. During the course of Plaintiff's employment with Defendants, the Defendants, by and through its agents and employees, discriminated against the Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000e et Seq.

41.42. The above-described unwelcome sex discrimination created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional and physical well-being.

42.43. As a result of the hostile and offensive work environment perpetrated by the Defendants and their agents, and maintained by the Defendants in conjunction with the

Defendants' failure to protect Plaintiff from such discrimination, the Plaintiff suffered humiliation, emotional distress, and physical pain.

43.44. ` Defendants failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendants and its agents as described above.

44.45. Defendants failed to take all reasonable and necessary steps to eliminate sex discrimination from the workplace and to prevent it from occurring in the future.

45.46. As a further direct and proximate result of Defendants' violation of Title VII of the Civil Rights Act of 1964 as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendants and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are previously unknown to Plaintiff.

WHEREFORE, the plaintiff demands judgment on the above counts against the defendants, their units, their officers, employees, against and other persons acting in concert or participation with them as stated above, and award the following amounts:

A. Compensatory damages in favor of the Plaintiffs in an amount to be determined by a jury; including but not limited to lost wages, past and future impairment of power to earn money, physical pain, emotional distress and humiliation, past and future, and for the violation of her rights under Title VII of the Civil Rights Act of 1964.

B. Exemplary damages in favor of the Plaintiff;

C. Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct

D. Costs of this action, including reasonable attorney fees to the Plaintiff Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, U.S.C. 1988 (1976); and

E. Such other relief as the court may deem appropriate.

DATED:   Buffalo, New York
         January 2530, 2017August 21, 2016

                         The Law Offices of Matthew Albert

                         By: _____
                         Matthew Albert, ESQ.
                         Attorney for Plaintiff
                         Office and P.O. Address
                         254 Richmond Ave.
                         Buffalo, New York 14222
                         (716) 445-4119
                         mattalbertlaw@gmail.com

Formatted: Font color: Black

10