UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ASHLEY JORDAN,

       Plaintiff,        16-CV-678(LJV)(HBS)
                  ORDER

  v.

DOMINO'S PIZZA, INC., ET AL.,

       Defendants.
_____


   This matter was commenced in August 2016 when the plaintiff filed her

complaint.  See Docket Items 1, 2.  On November 7, 2016, the defendants moved to

dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6); in the alternative, the

defendants asked the Court to treat its motion to dismiss as a motion for summary

judgment.  See Docket Items 4, 5.  On the same day, this Court referred all pretrial

matters to Magistrate Judge Hugh B. Scott pursuant to 28 U.S.C. § 636(b)(1)(A) and

(B).  Docket Item 6.  On November 30, 2016, the plaintiff responded; on December 20,

2016, the defendants replied; and on January 2, 2017, the plaintiff filed a sur-reply

without permission of the Court but with the consent of opposing counsel.  See Docket

Items 8, 13, 15, 16.

   On January 9, 2017, Judge Scott issued his Report and Recommendation on the

defendants' dispositive motion.  See Docket Item 17.  He recommended that the

defendants' motion to dismiss be denied as to defendants Domino's Pizza, Inc., and

Domino's Pizza, LLC, but granted as to defendant Akram Atallah.  He also

recommended that the defendants' motion for summary judgment be denied as to all

defendants and that the defendants' request to convert the motion to dismiss into a motion for summary judgment likewise be denied.  Finally, he recommended that the plaintiff's motion for leave to amend the complaint to add a supplemental claim against defendant Atallah also be denied.

The parties did not object to the Report and Recommendation, and the time to do so now has expired.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify, in whole or in part, the findings or recommendation of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Fed. R. Civ. P. 72 requires a district court to review the recommendation of a magistrate judge to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Scott's Report and Recommendation as well as the parties' submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Scott's recommendation to grant defendant Atallah's motion to dismiss and to deny all other motions made by the defendants or the plaintiff.

Individual defendants who exercise supervisory control over an employee, but who are not the employee's employer, are not liable under Title VII.  See Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995), abrogated on other grounds by Burlington Indus., Inc. v. Ellerth, 524 U.S. 724 (1998).  The plaintiff thus failed to state a viable claim against defendant Atallah.  Her request to amend her complaint to allege a

supplemental state law claim against Atallah therefore also lacks merit: because there is no federal claim against Atallah, there is nothing to supplement with a proposed state law claim.  What is more, the plaintiff's motion to amend was procedurally defective because it did not include a copy of the proposed pleading or a redlined version of the original complaint showing the proposed changes, *see Western District of New York Local Rules of Civ. Proc. 15(a) and (b)*, and it is denied for that reason as well.

On the other hand, the complaint on its face stated viable claims against the corporate defendants who are alleged to have been the plaintiff's employer.  And insofar as the defendants moved for summary judgment, or asked the Court to treat their motion to dismiss as a motion for summary judgment, the defendants' motion was both procedurally defective and premature.  *See* Docket Item 17 at 18-19 (discussing "the incomplete nature of this converted motion as a summary judgment motion").

Therefore, for the reasons stated above and in the Report and Recommendation, defendant Atallah's motion to dismiss is granted and his motion for summary judgment is denied as moot; the remaining defendants' motion to dismiss is denied and their motion for summary judgment is denied without prejudice to renewal upon the completion of discovery; and the plaintiff's motion to amend the complaint is denied. The referral of all pretrial matters to Judge Scott remains effective.


SO ORDERED.

Dated:   March 21, 2017
             Buffalo, New York


*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

3